# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRASHED HOME CORPORATION, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>BANK OF AMERICA, N.A.; DEUTSCHE )<br>BANK NATIONAL TRUST COMPANY; and )<br>GILLIAM MANASSEH, )<br>)<br>Defendants. )<br>_____ ) | Case No.: 2:14-cv-00233-GMN-VCF<br><br>**ORDER** |

Before the Court is a Motion to Dismiss filed by Defendant Bank of America, N.A. (hereinafter "BoA"). (ECF No. 6.)  Plaintiff Trashed Home Corporation (hereinafter "Trashed Home) filed a response in opposition (ECF No. 9), and BoA filed a reply (ECF No. 11)  For the reasons discussed herein, the Court will deny the Motion and stay the case.

## I. BACKGROUND

This case centers upon a dispute regarding the ownership of a property following a homeowners' association foreclosure conducted pursuant to Nevada Revised Statutes Section 116.3116.  The property at issue is located at 5724 Pacesetter St., North Las Vegas, NV 89081, APN #: 124-25-812-006. (Compl. ¶ 9, ECF No. 1-1.)  In July 2008, Manasseh and Amy Gilliam bought the property for $200,000 with a mortgage loan issued by BoA that was secured by a deed of trust[1]. (Ex. F to Pet. for Rem., ECF No. 1-6.)

Trashed Home alleges that on or around July 17, 2012, Berkshire Estates Homeowners' Association (hereinafter "Berkshire") conducted a foreclosure sale upon the property pursuant to a "super-priority" lien under Nev. Rev. Stat. 116.3116. (Compl. ¶ 10, ECF No. 1-1.)  On

---

[1] The Deed of Trust is recorded as Instrument No. 20080919-0004071. (Ex. F to Pet. for Rem., ECF No. 1-6.)

February 11, 2013, Berkshire recorded a Trustee's Deed Upon Sale, Instrument No. 201302110002509, stating that Berkshire had purchased the property at the foreclosure sale for $5,538.00. (Ex. H to Pet. for Rem., ECF No. 1-8.)  Trashed Home further alleges that it purchased the property from Berkshire for $136,611 on February 26, 2013.  A quitclaim deed regarding this purported transfer, Instrument No. 20130307000488, was recorded on March 7, 2013. (Ex. A to Compl., ECF No. 1-1.)

On January 8, 2014, Trashed Home filed this action in Clark County District Court, raising a claim for quiet title and seeking declaratory and injunctive relief. (Compl., ECF No. 1-1.)  BoA removed the action on February 13, 2014, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. Section 1332. (Pet. for Rem., ECF No. 1.)  BoA now requests that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II. DISCUSSION**

Chapter 116 of the Nevada Revised Statutes codifies Nevada's Uniform Common-Interest Ownership Act, and, with some exceptions, applies to all common-interest communities created in Nevada, including associations of unit owners organized under a properly recorded declaration. Nev. Rev. Stat. §§ 116.001, -.1201, -.2101, -.3101.  "Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113.  "The principles of law and equity, including . . . the law of real property, and the law relative to capacity to contract, principal and agent" supplement the provisions of this chapter except to the extent these principles are inconsistent with its provisions. Nev. Rev. Stat. § 116.1108.

Under section 116.3116, an association has a lien on a unit for assessments levied against that unit. Nev. Rev. Stat. § 116.3116(1).  Such a lien is prior to all other liens and encumbrances, with certain exceptions. Nev. Rev. Stat. § 116.3116(2).  One exception to this priority rule is "[a] first security interest on the unit recorded before the date on which the

assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b). However, under the so-called "super-priority" provision, the lien is prior to this security interest "to the extent of" charges under § 116.310312[2] and assessments for common expenses under § 116.3115 "which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien," unless federal regulations require a shorter period. Nev. Rev. Stat. § 116.3116(2).

Under section 116.31162, an association may foreclose its lien by sale under certain conditions. Nev. Rev. Stat. § 116.31162.  In 2013, the Nevada Legislature added the following provision, effective October 1, 2013, which applies "only with respect to trust agreements for which a notice of default and election to sell is recorded on or after October 1, 2013":

> The association may not foreclose a lien by sale if:
> (a) The unit is owner-occupied housing encumbered by a deed of trust;
> (b) The beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee has recorded a notice of default and election to sell with respect to the unit pursuant to subsection 2 of NRS 107.080; and
> (c) The trustee of record has not recorded the certificate provided to the trustee pursuant to subparagraph (1) or (2) of paragraph (d) of

---

[2] The current full text of this provision is the following:

> The lien is also prior to all security interests described in paragraph (b) to the extent of *any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of* the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien.  If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien.  This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.

Nev. Rev. Stat. § 116.3116(2) (emphasis added).  The clause, "any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of," and the entirety of § 116.310312 were added by the Nevada Legislature in 2009. *See* Act of May 28, 2009, ch. 248, AB 361, 2009 Nev. Laws 1007.

subsection 2 of NRS 107.086.

As used in this subsection, "owner-occupied housing" has the meaning ascribed to it in NRS 107.086.

Act of June 12, 2013, ch. 536, AB 273, 2013 Nev. Laws 3483 (codified at Nev. Rev. Stat. § 116.31162(6)).

The outcome of the instant case turns upon whether BoA's first deed of trust was extinguished by the foreclosure. Because Trashed Home contends that BoA's interest was extinguished when Berkshire purchased the property at the foreclosure sale, the question of law that could determine the outcome of this action is whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first deed of trust secured by the property when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. Section 116.31162. The Court finds that the Nevada Supreme Court has not directly addressed the question and there appears to be no controlling precedent in the decisions of the Nevada Supreme Court.

Over the last several months, the Court has become all too familiar with the statutory provision at the heart of this case. Courts at both the state and federal levels disagree as to the correct interpretation of this provision. *See, e.g.*, *7912 Limbwood Court Trust v. Wells Fargo Bank*, N.A., 2013 WL 5780793 (D. Nev. 2013) (holding that foreclosure of a homeowners' association's super priority lien pursuant to Nev. Rev. Stat. 116.31162 extinguishes a first deed of trust); *LVDG Series 125 v. Welles*, 2013 WL 6175813 (D. Nev. 2013) (holding that a first deed of trust is not extinguished by the foreclosure of a homeowners' association's super priority lien).

Courts in this District have recently observed that there are more than fifty cases pending before the Nevada Supreme Court which turn upon this very question. *See Saticoy Bay LLC v. Flagstar Bank, FSB*, No. 2:13-cv-1589-JCM-VCF (D. Nev. Feb. 28, 2014) (Order Granting Motion to Stay). Additionally, the Court has certified this question to the Nevada

Supreme Court in numerous cases. *See, e.g.*, *Bank of America v. One Queensridge Place Homeowners' Association, Inc.*, No. 2:13-cv-01221-GMN-NJK (D. Nev. Mar. 17, 2014) (Order Certif. Quest. to Nev. S. Ct.)  Though federal district courts can generally rule upon questions of state law, this power becomes rather nebulous when there is no precedent from a state's highest court to assist in interpreting novel statutes. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).  Therefore, out of respect for Nevada's sovereignty as well as its interest in having its laws interpreted by its own judges, the Court will deny the instant motion without prejudice.

Additionally, this action shall be stayed pending a ruling by the Nevada Supreme Court as to whether a foreclosure of a "super priority" lien pursuant to Nev. Rev. Stat. § 116.31162 extinguishes the interest of a holder of a first deed of trust secured by the property.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that this case is **STAYED** pending a ruling by the Nevada Supreme Court as to whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first deed of trust secured by the property when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

**IT IS FURTHER ORDERED** that the pending Motion to Dismiss (ECF No. 6) is **DENIED without prejudice**.  The parties shall have forty-five days following the entry of a ruling by the Nevada Supreme Court upon the question identified herein to file any dispositive motions in this case.

///

///

///

///

///

///

     **IT IS FURTHER ORDERED** that, beginning December 1, 2014, and every three months thereafter, the parties shall submit a Joint Status Report, including a statement affirming that all taxes and fees relating to the property are current and up to date.

     **DATED** this __28__ day of August 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court